IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SUSAN NUNEZ                          *
                                     *
v.                                   *     Civil Action No. WMN-14-1316
                                     *
SHEEHY-GLEN BURNIE, INC.             *
                                     *
     *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *


**MEMORANDUM**

     Pending before the Court is a Motion for Summary Judgment,
ECF No. 11, filed by Defendant Sheehy-Glen Burnie, Inc.
(Sheehy).   The motion is fully briefed, the Court determines
that no hearing is necessary, Local Rule 105.6, and for the
reasons stated herein, the motion will be granted.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

     Plaintiff brings this action under Maryland law for
Defendant's allegedly negligent maintenance of a staircase on
its property, which resulted in Plaintiff breaking her ankle.
While a resident of Maryland, Ms. Nunez was a customer of
Sheehy, leasing a 2009 Nissan Murano.   As part of the lease, Ms.
Nunez purchased the VIP service plan, which provided certain
benefits when she took the Murano in to the dealership for
service.   On May 3, 2011, around 6:30 PM, Ms. Nunez was at
Sheehy's Nissan dealership in Glen Burnie to pick up the Murano
after a service appointment.   Rather than driving the car around

front – as was Ms. Nunez's prior experience – employees of Sheehy directed Ms. Nunez to a lower lot at the rear of the premises to retrieve her car.  Sam Galloway, a Business Manager, accompanied her to find the car and walked down a grassy hill as Ms. Nunez took the stairs so as not to crowd her.  As she walked down the stairs, Ms. Nunez – who was wearing work attire, including high heeled shoes – divided her attention between the stairs and looking out over the lot for her car's flashing lights in response to her depressing the key fob.

About halfway down the stairs, Ms. Nunez lost her balance, fell, and broke her ankle when her heel was caught in a gap between the stair's treads.  Mr. Galloway did not see her fall. The stairway was built in 2009, with each step consisting of two boards of pressure treated wood with a gap in between them.  The stairway was used by employees and customers on a regular basis. There is no evidence that anyone else had sustained injury as a result of the stairs construction.  It was daylight when the fall occurred and there is no indication that the weather affected the condition of the steps.  In his deposition, Mr. Galloway noted that there was a hole at the bottom of the steps and that he had notified his manager that the hole needed to be repaired.

## II.  **LEGAL STANDARD**

Summary judgment is appropriate if the record before the

court "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 377 U.S. 317, 322-23 (1986).  A fact is material if it might "affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether there is a genuine issue of material fact, the Court "views all facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party." Housley v. Holquist, 879 F. Supp. 2d 472, 479 (D. Md. 2011) (citing Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987)).

## III. DISCUSSION

Sheehy moves for summary judgment on the grounds that (1) Plaintiff has failed to demonstrate that Sheehy knew, or should have known, that the stairs presented an unreasonable risk to its customers and (2) even if Sheehy were found to be negligent, Ms. Nunez was contributorily negligent such that her recovery is barred under Maryland law.

In Maryland, the duty that an owner or occupier of land owes to persons entering onto the land varies according to the visitor's status as an invitee (i.e. a business invitee), a licensee by invitation, a bare licensee, or a trespasser. Tennant v. Shoppers Food Warehouse Md. Corp., 693 A.2d 370, 374

(Md. 1997) (citations omitted).  The highest duty is owed to a business invitee, or "one invited or permitted to enter another's property for purposes related to the landowner's business."  Id.  Such duty is construed as one "of ordinary and reasonable care to maintain [business] premises in a reasonably safe condition."  Chamberlain v. Denny's, Inc., 166 F. Supp. 2d 1064, 1068 (D. Md. 2001).  "The customer is entitled to assume that the proprietor will exercise reasonable care to ascertain the condition of the premises, and if he discovers any unsafe condition, he will either take such action to correct the condition . . . or give warning."  Rawls v. Hoschild, Kohn & Co., 113 A.2d 405, 407 (Md. 1955).  Thus, the duties of a business "include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers."  Tennant, 693 A.2d at 374.

Yet, despite this duty, "[s]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises."  Rehn v. Westfield America, 837 A.2d 981, 984 (Md. Ct. Spec. App. 2003).  Instead, "the burden is upon the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence."  Moulden v. Greenbelt Consumer Servs., Inc., 210 A.2d 724, 726 (Md.

4

1965).

There is no dispute that Ms. Nunez was a business invitee of Sheehy, as she was at the Nissan dealership for the purpose of retrieving her car after it was serviced.   Thus, Sheehy had a duty to her of ordinary care to keep its dealership in reasonably safe condition.   Ms. Nunez, however, has not presented sufficient evidence beyond that of her injury such that a finder of fact could conclude that Sheehy violated this duty.   Ms. Nunez contends that the deposition testimony of Mr. Galloway and photographs submitted with its Opposition establish that the unsafe condition of the stairs "was certainly noticeable to persons using those stairs on a daily basis."   ECF No. 14 at 9.   First, the photographs – ECF Nos. 14-2 through 14-6 – show details of a pressure-treated stair that has been subjected to normal wear and tear.   There is nothing to suggest from these photographs that the slats were so unusually separated as to constructive notice of a dangerous condition to Sheehy or its employees.

Second, Ms. Nunez offers that Mr. Galloway's testimony that he reported a hole at the bottom of the stairs to his supervisor, along with its obviousness, provides sufficient evidence from which "a properly instructed jury could find that Defendant knew or should have known of the condition of the stairs." ECF No. 14 at 9.   Ms. Nunez's complaint, opposition to

the pending motion, and answers to interrogatories all allege that her heel was caught in the gap between the two slats when she was approximately halfway down the stairs. Such a gap is not an unusual feature in stairs of this kind. Mr. Galloway testified that there was a hole at the bottom of the stairs that needed repairing. ECF No. 14-7 at 16. Mr. Galloway also testified that he thought the hole is "probably" what caused Ms. Nunez's fall, id. at 17, even though he did not see the accident. Ms. Nunez, however, has not alleged that her heel was stuck in a hole at the bottom of the stairs but rather a gap between two slats. The hole at the bottom of the steps played no role in Ms. Nunez's injury, and Mr. Galloway makes no mention of stair repairs needed elsewhere.

One condition that existed at the bottom of the stairs that is unrelated to Ms. Nunez's injury is not sufficient to establish a material dispute of fact. There are no facts that are in dispute that would warrant the finder of fact concluding that Sheehy violated its duty of care. Therefore, Sheehy's motion for summary judgment will be granted.[1]

---

[1] Because the Court finds that Sheehy is not liable for Ms. Nunez's fall, it need not address the issue of contributory negligence, although the Court would likely find that Ms. Nunez was contributorily negligent in her actions by failing to use the handrail and looking out over the parking lot rather than at the steps immediately in front of her. See Meyers v. Lamer, 743 F.3d 908, 914 (4th Cir. 2014) ("Even if the plaintiff is determined to be only one percent negligent in an accident and

IV.  **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment will be granted.  A separate Order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED:    April 1, 2015

---

the defendant ninety-nine percent negligent, the plaintiff is still denied recovery.").